UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IVORÉ WESTFIELD and RACHEL HARDING,    )
                                        )
              *Plaintiffs*,             )
                                        )
vs.                                     )    No. 1:20-cv-01747-TWP-MG
                                        )
CONRAD SIMPSON, DAVID KINSEY, JONATHAN )
HORLOCK, and NATHANIAL SCHAUWECKER,    )
                                        )
              *Defendants*.             )

**ORDER**

    Defendants in this civil rights lawsuit have filed a "Motion to Compel Production from Non-Party Martin Luther King, Jr. Outpatient Center" (the "MLK Center").   [Filing No. 64.] Plaintiff Ivoré Westfield apparently relocated from Indianapolis to Los Angeles, California following the events that occurred in May 2020 in Indianapolis that gave rise to this lawsuit.  Since her move, she has received mental health treatment at the MLK Center.  Defendants subpoenaed[1] the MLK Center[2] for Ms. Westfield's treatment and billing records by serving it by "via US Mail" on January 26, 2022 at the MLK Center's physical address in Los Angeles and requesting compliance by February 25, 2022 (the "Subpoena").  [Filing No. 64-3.]  According to Defendants, the MLK Center has not responded to the Subpoena, even after Defendants sent it correspondence

---

[1] Defendants did not use of the AO Form 88-B Subpoena to Produce Documents supplied the Court (*see* https://www.insd.uscourts.gov/forms/civil-subpoena-documents) that parties typically use and instead used a somewhat confusing series of documents to create the subpoena.  [*See* Filing No. 64-3 at 2-8.]

[2] Results of an Internet search suggest that the MLK Center is operated by a government entity— Los Angeles County's Department of Health Services.  *See, e.g.*, https://dhs.lacounty.gov/mlk/ (last accessed September 9, 2022).

and made phone calls requesting compliance during the spring and summer of 2022.  [*See* Filing No. 64 at 2-3.]  The MLK Center has not responded to Defendants' Motion to Compel.

On its face, the Subpoena is problematic for a few reasons.  First, under Fed. R. Civ. P. 45(b)(1), valid service of a subpoena "requires delivering a copy to the named person."  If a subpoena is directed to a corporation or other entity, it generally must be personally served on a corporate officer or other agent authorized under Fed. R. Civ. P. 4 to accept services of process. The Seventh Circuit has found that ***certified*** U.S. mail to such individuals constitutes valid service. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012).  When a method other than personal service or certified mail is used, courts must determine whether such method is a "sensible option" that satisfies the requirement of "delivering a copy to the named person."  *Id.* (citing Fed. R. Civ. P. 45(b)(1)).  Here, the Proof of Service filed by Defendants indicates that the Subpoena was served on the MLK Center "via US Mail."  [Filing No. 64-3.]  But, absent a particular showing of need and authorization from a court, service by regular U.S. mail is not a valid method of service under Fed. R. Civ. P. 45.  Service by ***certified*** U.S. mail to an appropriate agent or representative is effective, but there is no indication or evidence before this Court that the January 26, 2022 Subpoena was sent by certified U.S. Mail.  Defendants did send a May 31, 2022 follow-up letter seeking compliance via certified U.S. Mail, [Filing No. 64-5; Filing No. 64-6], but not the January 26, 2022 Subpoena.  Because Defendants have not established valid service of the Subpoena, the Court cannot order compliance.

Second, setting aside the service issue, the Subpoena runs afoul of Fed. R. Civ. P. 45(c)(2)(A), which requires the that a subpoena designate a place for the production of documents within 100 miles of where the subpoenaed third party lives, works, or regularly transacts business in person.  Here, the Subpoena seeks compliance at the offices of Defendants' counsel in

Indianapolis, Indiana, [Filing No. 64-3 at 3], well beyond 100 miles from the MLK Center in Los Angeles, California.  *See AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706873, at *1 n.1 (N.D. Cal. Nov. 25, 2014) (holding that a subpoena specifying the place of compliance as more than 100 miles from the nonparty's headquarters was "invalid on its face").

Third, and related to the location of compliance, Fed. R. Civ. P. 45(d)(2)(B)(i) requires that any subpoena-related motions be filed in the district where compliance is required.  This aspect of Fed. R. Civ. P. 45 protects nonparties from additional burdens of litigating outside of where the nonparty lives or conducts business.  In other words, the rules "require that when a party seeks to compel a non-party's action pursuant to a subpoena duces tecum, the party must file its motion to compel in the district where the sought documents are located, not in the district where the subpoena was issued."  *Koenig v. Johnson*, 2020 WL 635772, at *2 (D.S.C. Feb. 11, 2020).  *See also Thacker v. Ethicon, Inc.*, 572 F. Supp. 3d 319, 322 (E.D. Ky. 2021) ("This means that any motion to compel production of documents requested by subpoena must be made in the court where compliance is required."); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (holding that "the proper district to hear a motion to compel is where Google [the subpoenaed party] is headquartered").  Because Defendants did not bring their motion in the proper district of compliance under Fed. R. Civ. P. 45, the Court cannot order the MLK Center's compliance for this additional reason.

For all of the above reasons, Defendants' Motion to Compel Production from Non-Party the MLK Center, [64], is **DENIED**.

Date: 9/12/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**